**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4229**

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

TIMOTHY RAMEEK WILLIAMS, a/k/a Eazy,

      Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:13-cr-00033-GMG-JES-1)

_____

Submitted:  November 6, 2014    Decided:  November 20, 2014

_____

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Nicholas J. Compton, Assistant Federal Public Defender, Martinsburg, West Virginia, for Appellant.  Jarod James Douglas, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Rameek Williams pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846 (2012). He appeals his 188-month sentence. Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising for the court's consideration whether the district court abused its discretion ordering a sentence to run consecutive "to any future state sentence that may be imposed," rather than any anticipated state sentence. (Sentencing Tr. at 20). Williams has filed a pro se supplemental brief raising issues challenging the sentence. The Government did not file a brief. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Diosado-Star, 630 F.3d 359, 363 (4th Cir. 2011). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the

2

sentence.  <u>Id.</u>  "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it."  <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  If we find "no significant procedural error," we assess the substantive reasonableness of the sentence, taking "into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  <u>United States v. Morace</u>, 594 F.3d 340, 345-46 (4th Cir. 2010) (internal quotation marks omitted).

Because there was no objection to the district court's direction that Williams' sentence run consecutive to "any" state sentence, rather than "any anticipated" state sentence, that may be imposed, review is for plain error.  <u>United States v. Strieper</u>, 666 F.3d 288, 295 (4th Cir. 2012).  To demonstrate plain error, a defendant must show:  (1) there was an error; (2) the error was plain; and (3) the error affected his substantial rights.  <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).  Even if the defendant meets his burden in this regard, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  <u>Id.</u> (internal quotation marks omitted).  In <u>Setser v. United States</u>, 132 S. Ct. 1463, 1468

3

(2012), the Supreme Court held that sentencing courts have discretion to order federal sentences to run consecutive to any anticipated state sentence. Here, the amended judgment demonstrates that the district court ordered Williams' sentence to run consecutively to any sentence imposed by the state court regarding two specific, related charges. Thus, the court's imposition of sentence was in accord with Setser.

We have considered Williams' arguments raised in his pro se supplemental brief and conclude that the arguments are without merit. We further conclude that the within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED